

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00167-CR

_____

CHRISTOPHER LEE MAXWELL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 24592

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Pursuant to a negotiated plea agreement, Christopher Lee Maxwell pled "guilty" to two counts of aggravated sexual assault of a child and three counts of indecency with a child by sexual contact. Further, Maxwell pled "true" to the State's repeat offender allegations. On March 14, 2012, Maxwell was adjudicated guilty of these crimes and was sentenced by the 6th Judicial District Court of Lamar County to twenty years' imprisonment on each count. All five sentences were to run concurrently. On September 16, 2014, Maxwell filed in the trial court a pleading titled "Request to File Out of Time Direct Appeal." We have treated this pleading as notice of Maxwell's intent to file a direct appeal from his March 2012 convictions. The issue before us is whether Maxwell timely perfected his direct appeal. We conclude that he did not and dismiss the appeal for want of jurisdiction.

Sentence was imposed in this matter on March 14, 2012, and Maxwell did not file a motion for new trial or any other pleading that would extend his deadline for filing a notice of appeal; consequently, notice of Maxwell's direct appeal from the March 14, 2012, convictions was due April 13, 2012. *See* TEX. R. APP. P. 26.2. Maxwell's notice was not filed until September 16, 2014.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (citing *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993)). The Texas Court of Criminal Appeals interprets Rule 26.3 of the Texas Rules of Appellate Procedure strictly to require an appellant in a criminal case to file his or her notice of appeal and a motion for extension of time within the fifteen-day period for filing a late

2

notice of appeal. *Id.* "When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction." *Id.*; *see Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998).

We notified Maxwell by letter dated September 19, 2014, of the defect in this Court's jurisdiction over this matter and provided him an opportunity to cure the defect or otherwise demonstrate to the Court how it had jurisdiction. We received no satisfactory response to that letter. Because Maxwell's notice of appeal is untimely, we lack jurisdiction over this appeal. *Olivo*, 918 S.W.2d at 522.

We dismiss the appeal for want of jurisdiction.


Jack Carter
Justice


Date Submitted:     December 2, 2014
Date Decided:       December 3, 2014

Do Not Publish

3